IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUBREY THOMAS on behalf of himself, and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 18 C 563 |
| vs. | )<br>)<br>) |
| HOLLAND LP, | )<br>) |
| Defendant. | ) JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Aubrey Thomas ("Plaintiff"), brings this action against Defendant Holland LP ("Defendant") and states as follows:

### **Nature of Plaintiff's Claims**

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and an individual action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.,* to recover unpaid overtime wages.

2. Plaintiff worked for Defendant as a salaried Superintendent at Defendant's railroad welding and railroad services company.

3. Defendant employed other persons as salaried Superintendents at its railroad welding and railroad services company.

4. During the prior three years, Defendant required Plaintiff to work more than 40 hours in one or more work weeks.

5. During the prior three years, Defendant required other Superintendents to work more than 40 hours in one or more work weeks.

6. In one or more work weeks during the prior three years, Plaintiff was not paid overtime at one and one-half times his regular rate of pay for all the time he worked in excess of 40 hours per week.

7. In one or more work weeks during the prior three years, other Superintendents were not paid overtime at one and one-half times their regular rate of pay for all the time they worked in excess of 40 hours per week.

8. Defendant violated the FLSA and IMWL by classifying Plaintiff as an exempt employee and failing to pay him overtime pay, even though the primary job duties of his job was non-exempt from the overtime provisions of the FLSA and IMWL.

9. Defendant violated the FLSA and IMWL by classifying other Superintendents as exempt employees and failing to pay them overtime pay, even though the primary job duties of their jobs were non-exempt from the overtime provisions of the FLSA and IMWL.

10. Plaintiff brings his FLSA claims as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit A.

## The Parties

11. Plaintiff Aubrey Thomas resides in and is domiciled in Mountainburg, Arkansas and has worked for Defendant in Ottawa, Yorkville and Crete, Illinois, within this judicial district, among other locations.

12. Plaintiff Thomas worked for Defendant from approximately July 2015 through January 19, 2018.

13.     During his employment, Plaintiff Thomas worked for Defendant as a Superintendent at job sites in Illinois, Wisconsin, Iowa, Minnesota, Missouri, Mississippi, Louisiana and Texas.

14.     Defendant Holland LP ("Holland"), headquartered in Crete, Illinois, is the North American rail welding industry leader and has approximately 1,000 employees.

15.     Defendant Holland LP is a subsidiary of the Curran Group, Inc., a holding company in Crystal Lake, Illinois.

16.     During the last three years, Defendant Holland LP has operated across the United States, including without limitation, in Illinois, Wisconsin, Iowa, Minnesota, Missouri, Mississippi, Louisiana and Texas, as well as in Canada.

17.     Defendant Holland LP is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

18.     Defendant Holland LP was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

19.     Defendant Holland LP was Plaintiff's "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

20.     Plaintiff was Defendant Holland LP's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

21.     Plaintiff was Defendant Holland LP's "employee" as that term is defined the by IMWL. 820 ILCS 105/3(d).

## Jurisdiction & Venue

22. This Court has jurisdiction over Plaintiff's FLSA collective action claims, which arise under U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

23. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

24. Venue is proper in this judicial district because Defendant resides in this judicial district and a substantial part of the facts and events giving rise to Plaintiff's claims occurred within this judicial district. 28 U.S.C. § 1391.

## Background Facts

25. During the prior three years, Defendant paid Plaintiff on a salary basis.

26. During the prior three years, Defendant paid other Superintendents on a salary basis.

27. Defendant paid Plaintiff Thomas a salary of $1250.00 per week at the inception of his employment. Most recently, Defendant paid Plaintiff Thomas a salary of $1294.40 per week.

28. During the first year of Plaintiff's employment, Defendant on occasion also paid Plaintiff a bonus of approximately 6 cents per foot for jobs in which Plaintiff worked more than 1 mile per day. In addition, this past year Defendant paid Plaintiff an annual company performance bonus in the amount of approximately $400.

29. Until approximately July 2017, Defendant stated on Plaintiff's Earning Statements a rate per hour.  For example, Plaintiff's July 21, 2017 Earning Statement shows his regular earnings rate is $32.36 for 80 hours. See Exhibit B hereto, 7/21/17 Earnings Statement.

30. Throughout his employment, Defendant required Plaintiff to work more than forty (40) hours per week in one or more work weeks.

31. During the prior three years, Defendant required other Superintendents to work more than forty (40) hours per week in one or more work weeks.

32. Plaintiff spent the vast majority of his worktime each week engaged in non-managerial and non-exempt activities, such as:

    a. Operating tamper machinery (rail maintenance equipment that packs (tamps) track ballast on railroad tracks);

    b. Driving as much as 18 hours to job sites;

    c. Assisting mechanics in Defendant's Crete, Illinois shop, in repairing railroad equipment, such as regulators (rail maintenance equipment that shapes and distributes gravel) and spikers (machine that hammers nails into railroad tracks).

33. Other Superintendents spent the vast majority of their working hours engaged in non-managerial and non-exempt activities, such as:

    a. Operating tamper machinery (rail maintenance equipment that packs (tamps) track ballast on railroad tracks);

    b. Driving as much as 18 hours to job sites;

    c. Assisting mechanics in Defendant's Crete, Illinois shop, in repairing railroad equipment, such as regulators (rail maintenance equipment that shapes and distributes gravel) and spikers (machine that hammers nails into railroad tracks).

34. Plaintiff Thomas traveled alone to job sites and operated the tamper machinery alone.

35. Plaintiff did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

36. Defendant's other Superintendents did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

37. Plaintiff did not customarily or regularly exercise discretionary power in the performance of his job duties as Superintendent for Defendant.

38. Defendant's other Superintendents did not customarily or regularly exercise discretionary power in the performance of their job duties.

39. Plaintiff did not have the authority to hire other employees.

40. Defendant's other Superintendents did not have the authority to hire other employees.

41. Plaintiff did not have the authority to fire Defendant's employees.

42. Defendant's other Superintendents did not have the authority to fire Defendant's employees.

43. Plaintiff did not have the authority to determine other employees' rates of pay.

44. Defendant's other Superintendents did not have the authority to determine other employees' rates of pay.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

45. This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly situated Superintendents their owed overtime pay.

46. Defendant regularly required Plaintiff to work more than forty (40) hours in one or more work weeks.

47. Defendant regularly required other Superintendents to work more than forty (40) hours in one or more work weeks.

48. Defendant did not pay Plaintiff overtime compensation at one and one-half times Plaintiff's regular rate or pay for time he worked in excess of forty (40) hours in one or more work weeks.

49. Defendant did not pay other Superintendents overtime compensation at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours in one or more work weeks.

50. Instead, Defendant paid Plaintiff his straight-time regular rate of pay for all hours worked.

51. Defendant likewise paid other Superintendents their straight-time regular rate of pay for all hours worked.

52. During his employment with Defendant, Plaintiff has not been an executive employee or otherwise exempt from the overtime provisions of the FLSA.

53. Defendant's Superintendents are not executive employees or otherwise exempt from the overtime provisions of the FLSA.

54. Defendant's failure to pay overtime compensation to Plaintiff and other Superintendents during the Relevant Period was a willful violation of the overtime provisions of the FLSA, 29 U.S.C. § 207.

55. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and other Superintendents have suffered a loss of income and other damages.

WHEREFORE, Plaintiff and other Superintendents pray for judgment against Defendant as follows:

    A.    A determination that Plaintiff and other Superintendents were not exempt from the overtime provisions of the FLSA;

    B.    Judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who opt-in in this action pursuant to 29 U.S.C. § 216(b);

    C.    Liquidated damages in an amount equal to the amount of unpaid overtime wages owed;

    D.    Reasonable attorneys' fees and costs incurred in prosecuting this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

56. This count arises from Defendant's violation of the IMWL, 820 ILCS 105/4a, for Defendant's failure to pay Plaintiff his owed overtime pay for time worked in excess of forty (40) hours per week.

57. During the Relevant Period, Defendant regularly required Plaintiff to work more than forty (40) hours per week.

58. Defendant failed, however, to pay Plaintiff overtime wages at one and one-half times his regular rate of pay for the time worked in excess of forty (40) hours per week.

59. Instead, Defendant paid Plaintiff his straight-time rate of pay for all hours worked.

60. Plaintiff is not an executive employee or otherwise exempt under the IMWL.

61. As a direct and proximate result of Defendant's violation of the IMWL, Plaintiff suffered a loss of income and other damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A determination that Plaintiff was a non-exempt employee subject to the overtime provisions of the IMWL;

B. Judgment in the amount of unpaid overtime wages owed to Plaintiff pursuant to the overtime provisions of the IMWL;

C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable costs and attorneys' fees incurred in prosecuting this action;

E. Such other and further relief as this Court deems appropriate and just.

    Respectfully submitted,

Date: January 25, 2018    s/Douglas M. Werman
    One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Plaintiff